UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v.-<br><br>JARED SOLOMON,<br><br>Defendant. | 24-cr-665 (LAP)<br><br>MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Jared Solomon's ("Solomon" or "Defendant") motion to dismiss the Government's indictment as deficient under Rule 7(c) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments of the Constitution.[1] The Government opposed this motion arguing that the indictment more than sufficiently satisfied the pleading requirements.[2] For the reasons set forth below, Defendant's motion to dismiss is denied.

## I. Background

On December 3, 2024, a Grand Jury in the Southern District of New York returned an indictment, No. 24 Cr. 665 (LAP), containing charges on two counts and forfeiture allegations. (Indictment, dated December 3, 2024 [dkt. no. 2].) Count One charged Defendant

[1] (See Notice of Motion and Memorandum of Law ("Mot."), dated Aug. 4, 2025 [dkt. no. 36]; Defendant's Reply Memorandum ("Reply"), dated Sept. 18, 2025 [dkt. no. 38].)
[2] (See Government's Opposition ("Opp'n"), dated Sept. 3, 2025 [dkt. no. 37].)

with committing wire fraud "[f]rom at least in or about 2009 through at least in or about 2023," in violation of 18 U.S.C. §§ 1343 and 2. (Id. ¶ 1.) The Indictment specified that Solomon allegedly "engaged in a scheme to make false statements to Victim Company-1, in order to fraudulently obtain money, and sent. . . emails. . . in furtherance of that scheme." (Id.)

Count Two charged Defendant with committing aggravated identity theft "[f]rom at least in or about 2015 through at least in or about 2023," in violation of U.S.C. §§ 1028A(a)(1), 1028A(b), and 2. (Id. ¶ 2.) Solomon allegedly "used and transferred the names and signatures of other persons during and in relation to the wire fraud violation charged in Count One." (Id.) The Indictment also contained forfeiture allegations that explicitly identified properties and funds that were "derived from proceeds traceable" to the fraud alleged in Count One. (Id. ¶ 3.)

On August 4, 2025, Defendant filed the instant motion to dismiss. Defendant requests that the Court dismiss the Indictment with prejudice under Federal Rule of Criminal Procedure (7)(c) and the Fifth and Sixth Amendments of the United States Constitution. (See Mot. at 1.) On September 3, 2025, the Government submitted its opposition arguing that the Indictment was sufficient and further specifying how Defendant committed the alleged fraud by using, inter alia, fake commercial real estate agreements, fake companies, and stolen identities to fraudulently induce Victim

Company-1 to wire him money into Fraud Bank Accounts. (See Opp'n at 2-4.)

## II. Legal Standard

Rule 7(c) provides that a valid indictment shall contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). Meeting this requirement fulfills the Sixth Amendment right "to be informed of the nature and cause of the accusation," and it serves the Fifth Amendment protections of avoiding double jeopardy and preventing prosecution for charges based on evidence not presented to the grand jury. United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999).

In order for an indictment to be sufficient under Rule 7(c)(1) it "need do little more than to track the language of the statute charged and state the time and place. . . of the alleged crime." United States v. Wahab, 21-CR-603 (VEC), 2022 WL 17581560, at *2 (S.D.N.Y. Dec. 12, 2022) (quoting United States v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013)). If the indictment meets this threshold and provides "minimal protection against double jeopardy," then, absent a showing of prejudice, it cannot be dismissed for lack of specificity. Stringer, 730 F.3d at 124.

In the context of a pretrial 12(b) motion to dismiss, "the sufficiency of an indictment" is a "matter[] of law to be decided by the Court." United States v. Person, 373 F.Supp.3d 452, 461

(S.D.N.Y. 2019) (internal quotation marks omitted). When considering such a motion, a court "should not look beyond the face of the indictment," United States v. Greenberg, 21-CR-92 (AJN), 2022 WL 827304, at *6 (S.D.N.Y. Mar. 9, 2022), and it is not appropriate for a court to address the sufficiency of the evidence "unless the government had made what can be fairly described as a full proffer of the evidence it intends to present at trial." United States v. Perez, 575 F.3d 164, 166-67 (2d Cir. 2009). Instead, the Court takes the allegations in the indictment as true and reads it in its entirety. Wahab, 2022 WL 17581560, at *2. Additionally, courts "must read the indictment 'to include facts which are necessarily implied by the specific allegations made.'" Person, 373 F.Supp.3d at 461. If an indictment is minimally sufficient, "a court may look to the record as a whole in determining whether the defendant is protected from double jeopardy . . . and whether the defendant has had an adequate opportunity to prepare his defense." Walsh, 194 F.3d at 45.

## III. Discussion

The Defendant advances three lines of argument in support of his motion to dismiss the Indictment: (1) that it is facially invalid under Rule 7(c)(1); (2) that it is unconstitutional; and (3) that it is time barred by the statute of limitations. (See Mot. ¶¶ 10-80; Reply ¶ 1.) As noted above, the Rule 7(c)

requirements are intertwined with the constitutional analysis, so the Court will address these issues together.

**a. The Indictment Is Facially and Constitutionally Valid**

Defendant argues that the Indictment lacks "meaningful factual allegations" and therefore does not provide him with adequate notice of the charges against him. (Mot. ¶¶ 13-19.) Specifically, Defendant claims that the Indictment does not specify the nature of the alleged offenses beyond a generic "recit[ation] of the statutes." (Id. ¶ 13.) Defendant's argument is rebutted by the plain text of the Indictment. Count One of the Indictment states that Defendant "engaged in a scheme to make false statements to Victim Company-1, in order to fraudulently obtain money, and sent and received. . . emails and other electronic communications, to and from the Southern District of New York . . . in furtherance of that scheme." (Indictment ¶ 1.) Count Two charges Defendant with "transferr[ing] the names and signatures of other persons" in furtherance of the wire fraud in Count One. (Id. ¶ 2.) Both counts specify a time frame and place of the crime. (Id. ¶¶ 1-2.) The Indictment provides information on the time, place, victim,[3] and method of the charged conduct

[3] While Victim Company-1 is not named in the Indictment, Defendant was previously employed at the company and is unquestionably aware of its identity. (See Opp'n at 11, n.7.) In any event, it is not necessary for an indictment for wire fraud to identify the victim(s). See United States v. Zandstra, No. 00-CR-209 (RWS), 2000 WL 1368050, at *4 (S.D.N.Y. Sep. 20, 2000).

(see id.), and the forfeiture allegations identify the proceeds from the offense. (Id. ¶ 3.) This information more than meets the minimal sufficiency requirement that only requires an indictment "track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Yannotti, 541 F.3d 112, 127 (2d Cir. 2008).

Defendant relies heavily on Russell v. United States, 369 U.S. 749 (1962) to support his claim that the Indictment does not provide sufficient factual content. (See Mot. ¶¶ 14, 19, 39, 41, 45, 55; Reply ¶¶ 5, 9.) In Russell, the defendants were charged under a federal statute that made it a crime for a witness before a congressional subcommittee to refuse to answer questions relevant to the subject matter of the subcommittee's investigation. Russell, 369 U.S. at 752-53. The Supreme Court ultimately held that the indictment was invalid because it failed to identify the subject matter of the subcommittee's inquiry, which was an essential element of the statute and necessary in order properly to inform the defendant and the Court of "the nature of the accusation against him." Id. at 767. Russell is a rare case in which tracking the language of the statute and providing the time and place of the offense was found insufficient and only applies to charges under similarly exceptional circumstances. See Stringer, 730 F.3d at 125-26 (characterizing the Supreme Court's decision "as addressed to the special nature of a charge of refusal

to answer questions in a congressional inquiry and not as a broad requirement applicable [] to all criminal charges that the indictment specify how each essential element is met.”). None of the unique circumstances in Russell apply here. The Indictment fulfills its constitutional requirement of informing Defendant of the charges against him and enabling him to bar future prosecution for the same offense. See id. at 124.

Defendants also submits that the Indictment fails to allege discrete elements of the offense—namely, materiality and fraudulent intent—because “it contains no reference to a material falsehood or omission, no plausible facts establishing fraudulent intent, and no use of wires ‘in furtherance’ of any fraud.” (Mot. ¶ 38.) Even disregarding that an indictment need not explain how every element of an offense is met, see Stringer, 730 F.3d at 125-26, materiality “can be inferred from use of the word fraud in the indictment,” United States v. Klein, 476 F.3d 111, 113 (2d Cir. 2007), and fraudulent intent is alleged by tracking the statutory language regarding the requisite mens rea. See United States v. Carton, 17-CR-680 (CM), 2018 WL 3559172, at *4 (S.D.N.Y. July 10, 2018). Finally, “a count of wire fraud need not contain specific uses of the wires in furtherance of the scheme.” Goyal v. United States, 19-CR-844 (CS), 2025 WL 307236, at *10 (S.D.N.Y. Jan. 27, 2025).

In addition to the information provided in the Indictment, a court "may look to the record, including the discovery disclosed to the defendant," to determine whether the Defendant has suffered prejudice that would warrant dismissal for "lack of specificity." Wahab, 2022 WL 17581560, at *2. In this case, the Government provided Defendant with discovery over eight months ago, which included, inter alia, emails, phone records, fake agreements, and bank records documenting Defendant's alleged fraud in detail. (Opp'n at 12-13.) Defendant fails to show how, taking the record as a whole, he is prejudiced in preparing for trial or guarding against double jeopardy. See United States v. Sullivan, S102CR.1144 (BSJ), 2004 WL 253316, at *2 (S.D.N.Y. Feb. 10, 2004) (internal quotation marks omitted) ("The Second Circuit . . . has repeatedly refused, in the absence of any showing of prejudice, to dismiss charges for lack of specificity.").

Defendant also briefly refers to a "void for vagueness" challenge. (Mot. ¶ 17.) The void-for-vagueness doctrine arises from the Fifth Amendment's due process clause, United States v. Houtar, 980 F.3d 268, 273 (2d Cir. 2020), and requires that a criminal statute describe the offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." United States v. Morrison, 686 F.3d 94, 103 (2d Cir. 2012). In order to prevail on a vagueness

challenge, Defendant must identify how the statutes under which he is charged raise "concerns about (1) fair notice and (2) arbitrary and discriminatory prosecutions." United States v. Halloran, 821 F.3d 321, 338 (2d Cir. 2016).

Here, Defendant does not point to any language in the wire fraud and aggravated identity theft statutes that "fails to provide a person of ordinary intelligence fair notice of what is prohibited" and does not allege that they are "so standardless that it authorizes or encourages seriously discriminatory enforcement." Person, 373 F. Supp. 3d at 461. Any further challenge beyond the facial validity of the statute must be "denied as premature" because an "as applied" vagueness challenge requires "a more expansive factual record to be developed at trial." United States v. Avenatti, 432 F.Supp.3d 354, 362 (S.D.N.Y. 2020) (internal quotation marks omitted).

The Indictment is facially valid and fulfills its Constitutional requirements under the Fifth and Sixth Amendments. Moreover, taking the evidentiary record as a whole, Defendant has not demonstrated that he has suffered any prejudice that requires the Court to consider dismissing the Indictment pretrial.

**b. The Charges Fall Within the Statute of Limitations**

Defendant argues that the charges in the Indictment do not fall within the five-year statute of limitations for wire fraud and aggravated identity theft. 18 U.S.C. § 3282. In support of

this argument, Defendant claims that the Government improperly charged wire fraud as a continuing offense and that actually "each wire transmission is a discrete offense with its own limitations period." (Mot. ¶ 74.) Defendant attempts to support this claim by relying on United States v. Yashar, 166 F.3d 873 (7th Cir. 1999), a Seventh Circuit case involving a different federal statute, 18 U.S.C. § 666, that addresses embezzlement rather than wire fraud. (Mot. ¶ 74.) He also misapprehends the Supreme Court's holding in Toussie v. United States, 397 U.S. 112 (1970) as substantiating his belief that wire fraud cannot be considered a continuing offense. (Mot. ¶ 78.) Toussie, a case about whether the charge of failure to register for the draft was barred by the statute of limitations, held in relevant part that an offense could be construed as continuing for statute of limitations purposes if either (a) "the explicit language of the substantive criminal statute compels such a conclusion," or (b) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Toussie, 397 U.S. at 115. Here, the relevant statutes fit within this framework.

Crimes such as "[b]ribery, wire fraud, and extortion are . . . continuing offenses" involving discrete acts that can span over several years and venues in furtherance of a greater scheme. United States v. Menendez, 759 F. Supp.3d 460, 510 (S.D.N.Y. 2024); United States v. Rutigliano, 790 F.3d 389, 395-96 (2d Cir. 2015)

(recognizing that wire fraud, mail fraud, and health care fraud are all continuing offenses). The Court of Appeals has held that wire fraud is properly characterized as a continuing offense for statute of limitations purposes, see United States v. Hoey, 725 F. App'x 58, 62 (2d Cir. 2018) (summary order), and courts in this district have repeatedly held that wire fraud is a continuing offense that is "not barred by the statute of limitations if the alleged conduct continues to a date within the limitations period." Goyal, 2025 WL 307236, at *10; see also United States v. Bergstein, 16-CR-746 (PKC), 2018 WL 2417845, at *8-*9 (S.D.N.Y. May 29, 2018) (holding that wire fraud charge was not time-barred by five-year statute of limitations because "disbursements in connection with the overall scheme" continued into the limitations period). Courts have found the same with regards to the statute of limitations for aggravated identity theft. See United States v. Cosme, 17-1759-CR(L), 2021 WL 2964322, at *1 (2d Cir. Jul. 15, 2021); United States v. Colello, 20-CR-613 (LTS), 2022 WL 220216, at *2 (S.D.N.Y. Jan. 25, 2022).

Here, Defendant is alleged to have conducted a 15-year-long scheme to defraud Victim Company-1 and used the actual names and signatures of other persons, Victim-2 and Victim-3, without their consent in furtherance of that scheme. (Opp'n at 19-20.) This ongoing scheme to defraud a single victim using similar tactics and artifices, such as fake email addresses, fake agreements, and

bank accounts, constitutes a continuous offense that "each day brings a renewed threat of the evil Congress sought to prevent even after the elements necessary to establish the crime have occurred." Toussie, 397 U.S. at 122. Since conduct from both charges are alleged to have continued through "at least in or about 2023" (see Indictment ¶¶ 1, 2), both Counts One and Two fall within the five-year statute of limitations and are not time-barred.

## IV. Conclusion

For the reasons discussed above, the Defendant's motion to dismiss the Indictment is denied. The parties shall appear for a conference on October 28, 2025 at 10:30 a.m.

The Clerk of the Court shall close docket number 36.

**SO ORDERED.**

Dated: October 14, 2025
New York, New York

LORETTA A. PRESKA
Senior United States District Judge